132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reina De La Paz DIAZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reina De La Paz Diaz, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' (BIA) decision denying her applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). She contends that she established a well-founded fear of persecution on account of a political opinion imputed to her by antigovernment guerrillas. We deny the petition for review.
 
 
 3
 To establish eligibility for asylum, an applicant must show that she is unwilling to return to her country of origin because of persecution or a well-founded fear of persecution on account of political opinion or other listed grounds. See 8 U.S.C. § 1101(a)(42)(A). We review the BIA's finding whether an applicant has demonstrated a well-founded fear of persecution under the substantial evidence standard, and we will reverse only if the evidence would compel a reasonable factfinder to find the requisite fear of persecution. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 4
 "[A]n asylum seeker claiming to be a victim of persecution on account of ... political opinion must establish, by evidence, four facts: (a) that he or she has been a victim of persecution; (b) that he or she holds a political opinion; (c) that this political opinion is known to or imputed by the persecutors; and (d) that the ensuing persecution of the victim has been or will be on account of this opinion." Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). An imputed political opinion is one that the applicant's persecutors actually attributed to the applicant. See id. at 1489.
 
 
 5
 Diaz testified that when she was working as a secretary for the Salvadoran police in 1991, three men asked her for information about their friends who were imprisoned guerrillas. The men grabbed her hair and pushed her and said "something would happen" to her if she did not give them the information. Diaz quit her job and moved to another area and then to the United States. She testified that she feared revenge murders by families of guerrillas killed in the war in El Salvador.
 
 
 6
 Diaz contends that her testimony shows that the guerrillas attributed a pro-government political opinion to her and threatened her on account of this opinion. The evidence, however, does not compel this interpretation; the guerrillas may have threatened Diaz only because they thought she had access to the information they wanted. See Sangha, 103 F.3d at 1487, 1489; Ghaly, 58 F.3d at 1429. Accordingly, we deny the petition for review.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3